**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**Eastern Division**

──────────────────────────────────────────────

**PAUL KEITH WOOLERY, individually and**
**on behalf of all others similarly situated,**

       **Plaintiff,**

**v.**                              **No. 15-1070**

**HARDIN COUNTY GENERAL HOSPITAL**
**and HARDIN MEDICAL CENTER,**

       **Defendants.**

──────────────────────────────────────────────

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND**
**SETTING ASIDE ENTRY OF DEFAULT**

──────────────────────────────────────────────

Before the Court is the April 29, 2015 motion for default judgment brought by the Plaintiff, Paul Keith Woolery ("Woolery"), individually and on behalf of all others similarly situated. (Docket Entry ("D.E.") 11.) Defendants, Hardin County General Hospital and Hardin Medical Center, filed a response, and Plaintiff's attorney submitted a reply affidavit. (D.E. 12, 17.) For the reasons discussed below, the motion is DENIED and the entry of default is SET ASIDE.

*Background*

On March 30, 2015, Woolery filed a complaint alleging violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), on behalf of himself and a purported class of similarly situated individuals. (D.E. 1.) On March 31, 2015, Plaintiff mailed copies of the complaint and summons to the Defendants' registered agent and Chief Executive Officer, Nicholas P. Lewis ("Lewis"), via first-class certified United States mail

with return receipt requested.  (D.E. 11-1 at 3–4.)  The mailings were signed for by "M. Terry" on April 2 and 6, 2015.  (*Id.*)  After waiting twenty-one days, and because no responsive pleading had been filed, Plaintiff obtained an entry of default from the Clerk's office on April 28, 2015. (D.E. 9–10.)  On April 29, 2015, Plaintiff moved for default judgment.  (D.E. 11.)  On May 1, 2015, Defendants, through counsel, responded to the motion.  (D.E. 12.)  The Court conducted a telephonic hearing on May 8, 2015.

*Law and Analysis*

## I.      Setting Aside Entry of Default

Rule 55 of the Federal Rules of Civil Procedure states "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  A showing of "good cause" requires the court to consider three factors:  (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant can offer a meritorious defense; and (3) whether the plaintiff will suffer prejudice from setting aside the default.  *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010).  However, if there was defective service of process, the court "need not weigh the three factors," but must instead set aside the entry of default.  *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003).

Hardin County General Hospital[1] is a quasi-governmental entity created by a Private Act of the Tennessee legislature.  Under Rule 4 of the Federal Rules of Civil Procedure, a plaintiff can serve a local governmental entity by "delivering a copy of the summons and of the complaint to its chief executive officer," or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P.

---

[1] In his affidavit, Lewis stated that the Hardin Medical Center is not a separate corporate entity, but an assumed name of Hardin County General Hospital.  (Aff. of Nicholas P. Lewis ("Lewis Aff.") ¶ 2.)

4(j)(2)(A)–(B).  Rule 4.04 of the Tennessee Rules of Civil Procedure provides that service of process on a governmental or quasi-governmental entity[2] can be completed "by delivering a copy of the summons and of the complaint to any officer or managing agent thereof."  Tenn. R. Civ. P. 4.04(9).  Further, "[i]f the defendant to be served is an individual or entity covered by subparagraph . . . (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph."  Tenn. R. Civ. P. 4.04(10).  However, "[s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute."  *Id.*

In this case, Lewis related that M. Terry was not an authorized agent, and did not have authority to accept service of process on Defendants' behalf.  (Lewis Aff. ¶ 3.)  Based on the return receipts submitted by Plaintiff, neither Defendant was served pursuant to Fed. R. Civ. P. 4 or Tenn. R. Civ. P. 4.04.  Therefore, the entry of default is SET ASIDE and the motion for default judgment is DENIED.

## II.    Federal Rule of Civil Procedure 5

Defense counsel maintains that they should have been provided copies of the complaint, summons, and motions filed in this matter.  (D.E. 12 at 4–5.)  Rule 5 of the Federal Rules of Civil Procedure states that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."  Fed. R. Civ. P. 5(b)(1).  However, Plaintiff's counsel was under no obligation to send a copy of the complaint and summons to defense counsel because Rule 5 does not apply to service of initial pleadings.  *See* Fed. R. Civ. P. 5(a) (listing the types of documents that must be served pursuant to Rule 5).  As

---

[2] Tenn. R. Civ. P. 4.04(6)–(8) sets forth the manner in which process may be served on the State of Tennessee, Tennessee counties, and Tennessee municipalities.

for the motions for default and default judgment, Plaintiff mailed a copy of each to Lewis, which satisfies the service requirements of Rule 5.  *See* Fed. R. Civ. P. 5(b)(2)(C).

While there is limited case law addressing this issue, the Court does not find that Rule 5 of the Federal Rules of Civil Procedure requires a plaintiff to provide copies of pleadings and other papers to parties that have not formally appeared in the litigation.  *See* 4B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman, Federal Practice & Procedure § 1145 (4th ed. 2015) ("Federal Rule of Civil Procedure 5(a), which requires service of the papers in an action on all parties, must be read in conjunction with Rule 5(b), which identifies who is to receive the papers and defines the manner in which service is to be made."); *United States EEOC v. Guardsmark, LLC*, No. H-09-3062, 2010 WL 5391269, at *2 (S.D. Tex. Dec. 22, 2010) ("A party must appear in a case in order to be served pursuant to Rule 5.").

According to the docket, when Plaintiff submitted his motions, no attorney had filed a notice of appearance on behalf of the Defendants.  The only notice Plaintiff received was a January 21, 2015 letter from defense counsel stating that they were representing the Defendants. (D.E. 14 at 5–6.)  Plaintiff's attorney contends that he never agreed to send any copies to defense counsel, and decided to serve the complaint and summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.  (Aff. of Thomas J. Long ("Long Aff.") ¶¶ 10–11, 15, D.E. 17-1.) Regardless, Defendants are now formally represented by counsel.  Plaintiff must either serve the Defendants as set forth under Fed. R. Civ. P. 4 and Tenn. R. Civ. P. 4.04, or inquire as to whether defense counsel will accept service on their clients' behalf.[3]

---

[3] The Court acknowledges Plaintiff's concern raised during the telephonic hearing that clever defendants might avoid service of process via registered mail by directing their administrative staff to sign the return receipt. However, Rule 4 of the Federal Rules of Civil Procedure allows for personal service as an alternative to service by mail.

*Conclusion*

Plaintiff's motion is DENIED and the entry of default is SET ASIDE.  Plaintiff has 120 days from the entry of this order to serve a copy of the complaint and summons on Defendants as required by Fed. R. Civ. P. 4 and Tenn. R. Civ. P. 4.04.

IT IS SO ORDERED this the 19th day of May, 2015.

/s J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE